For plaintiff: Joseph Veneziale.

For defendant: O'Shaunessey and Cannon.

## SUPERIOR COURT

Giorgio Simonelli
vs. } No.59056
Thomas Beswick

Edward Simonelli
vs. } No.59057
Thomas Beswick

Salavtore Montella
vs. } No.59058
Thomas Beswick
RESCRIPT
December 30, 1924

CAPOTOSTO, J. These are three actions to recover damages caused by the alleged negligent operation of an automobile by the defendant. The jury having returned a verdict in favor of the defendant in each case,

the plaintiff seeks a new trial upon the usual ground.

The accident in question occurred at or near the junction of Francis and Railroad streets in the city of Providence, about 1:30 o'clock in the morning of November 16, 1923. Francis street runs practically north and south, while Railroad street enters. Francis street on the west. At the southwest corner of Railroad street and Francis street there is a high board fence next adjoining the street line upon the property of the N. Y., N. H. & H. R. R. Company. The plaintiffs were proceeding northerly on Francis street, while the defendant was coming through Railroad street in an easterly direction. The collision took place in the vicinity of the westerly street railway track.

The plaintiff's car was driven by Giorgio Simonelli. Edward Simonelli and Salvatore Montella were friends of the driver and passengers in his automobile at the time of the accident. Giorgio Simonelli, the driver, was blind in his left eye, a fact which was not only known to Edward Simonelli and Salvatore Montella, but which was physically apparent to an ordinary observer. Proceeding northerly with his automobile the plaintiff, Giorgio Simonelli, was at a disadvantage to observe freely what might be approaching him from the west. This fact was or should have been known to the other occupants of the car. Other than the immediate parties involved, no other witness testified as to what actually occurred at the time of the collision.

Giorgio Simonelli, who does not definitely place himself upon the highway, claimed that as he was proceeding along at an ordinary rate of speed northerly on Francis street, his light Durant sedan was struck by the Stutz roadster of the defendant, "which must have been going pretty fast," at the left front door of his car. As to when he first noticed the defendant's car his testimony is uncertain, once saying that it was 100 to 150 feet away, then that it was 60 or 70 or more feet from him, and again that the defendant's car was on top of him when he first saw it.

It is extremely doubtful if either of the passengers, who are suing for damages, saw defendant's car before the collision. Edward Simonelli testified that the defendant's car was "right on top of us" when he first saw it and that all he could remember was that the defendant's car struck them on the left; Salvatore Montella, testifying on this point, said that the defendant was right on top of them when he first saw the car, that he shouted, "Look out," but that it was too late.

The defendant contended that as he passed the obstructed southwest corner of Francis and Railroad streets with his car under control and proceeding at a moderate rate of speed, he saw the plaintiff's car coming towards him on the westerly car track at a pretty fair speed; that, realizing the danger ahead of him he made a quick turn to his left in the hope of running parallel with the approaching car; that he almost succeeded, but that the right hand corner of his car caught the plaintiff's car and the collision resulted. He further testified that as he swung to his left the plaintiff did not alter his direction "one hair," although he had plenty of room unencumbered by vehicles or pedestrians to his right. Upon this point the plaintiff, Giorgio Simonelli, after testifying that the defendant was on top of him when he first saw the defendant, further stated that he turned to his right "a little" and that he couldn't stop his car because he was nervous.

The damage to the Simonelli car was all on the left side and extended principally from the running board forward. The defendant's car sustained damage to the right end of the

bumper, the tip of the right mudguard and the right horn, so-called, of the frame.

While counsel for the plaintiff laid a good deal of stress in his argument for a new trial on the rights of an operator who approaches an intersection of two highways from the right, little if any substantial argument was advanced with reference to this particular driver on approaching this particular corner on the night in question. Giorgio Simonelli was under an obligation to use such care as a reasonably prudent person would exercise in view of his known physical disability. The rules of the road do not absolve him from this obligation. It is only reasonable to expect a man with his unfortunate disability to keep that disability constantly in mind, especially when he undertakes to operate an automobile. The greatest source of danger to him and the other occupants of the car was from the left, because of his range of vision from that quarter was seriously impaired by the loss of his left eye. It takes quite a stretch of the imagination to follow counsel for the plaintiff when he endeavors to argue that a person with one eye is under no serious handicap in so far as ability to see is concerned.

From a careful review of all the testimony, and keeping in mind the damage to the respective cars, I feel that the jury was warranted in finding that the plaintiff, Giorgio Simonelli, either was not in the exercise of due care, or that he had failed to establish his case by a fair preponderance of the evidence, or both.

As to the plaintiffs, Edward Simonelli and Salvatore Montella, I reach the same conclusion. While they had a right to rely to a considerable extent upon the driver for the proper operation of the automobile, yet being aware of an obvious serious physical defect which materially affected the ability of the driver to have a full and clear vision of the changing conditions of traffic, it was incumbent upon them and each of them to exercise such care as a reasonably prudent man would exercise knowing and appreciating the disability of the driver. Neither of them was on the lookout for any danger approaching them from the left, for both in substance testified that the defendant's car was right on op of them when they first saw it. Under these circumstances a passenger must exercise some caution for his own safety. The jury upon all the testimony was warranted in reaching the conclusion that Edward Simonelli and Salvatore Montella did not use the care and prudence which the average man would use in riding in a machine driven by a man who unfortunately had lost the sight of one eye.

Motion for a new trial denied in each case.

For Plaintiffs: De Pasquale & Turano.

For Defendant: Curtis, Matteson, Boss & Letts.